**AFFIDAVIT IN SUPPORT OF**
**A COMPLAINT AND SUMMONS**

I, Zachary Carpenter, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1.  I am a Special Agent with the United States Air Force Office of Special Investigations ("AFOSI") and have been since 2018.

2.  I am currently assigned to Hanscom Air Force Base ("Hanscom AFB") in Massachusetts. Pursuant to my employment with the AFOSI, I have participated in various criminal investigations. I am currently tasked with the investigation of violations of federal law, such as procurement fraud and government theft. As part of my work with the AFOSI, I have received training regarding white-collar crimes.

3.  I make this affidavit in support of an application for a criminal complaint and summons charging Donson Marc NADEAUSHADON (born 1990) with theft of government property of a value not exceeding $1,000, in violation of 18 U.S.C. § 641 (the "TARGET OFFENSE").

4.  Except where otherwise noted, the information in the following paragraphs is derived from interviews conducted by agents (including interviews of NADEAUSHADON's Direct Supervisor, his unit's Security Manager, and several colleagues of NADEAUSHADON who were also assigned to work at the MITRE facilities), and from a review of the relevant timekeeping records and security records, described below.

5.  This affidavit does not contain every fact known to me with respect to this investigation. Rather, it contains only those facts that I believe to be necessary to establish probable cause for issuance of the requested criminal complaint and summons. Similarly, when describing information derived from a record or interview, this affidavit does not seek or purport

to describe all of the information reflected in such record or conveyed during such interview but, rather, seeks to summarize or reference only the relevant portion of such record or interview.

## RELEVANT STATUTE

6.     Generally, 18 U.S.C. § 641, makes it illegal to embezzle, steal, or knowingly convert to private use or the use of another anything of value of the United States or of any department or agency thereof.  A violation of § 641 involving property not exceeding $1,000 in value is punishable by a fine and imprisonment for not more than one year.

## BACKGROUND

7.     During all relevant times, NADEAUSHADON resided in Lynn, Massachusetts.

8.     From February 4, 2018 to December 22, 2018, NADEAUSHADON was a full-time United States Government employee, GS-12, with the Air Force Life Cycle Management Center (AFLCMC), located at Hanscom AFB.

9.     During that time period, NADEAUSHADON was scheduled to work forty (40) hours per week, with an approximate hourly gross pay rate of $41.44.

10.    From February 4, 2018 to December 22, 2018, NADEAUSHADON was assigned to work with and physically report on a daily basis to the MITRE Corporation ("MITRE"), an off-base, federally-funded research and development center with facilities located on Burlington Road in Bedford, Massachusetts.  NADEAUSHADON's responsibilities included assisting with government acquisition requirements and contracting with MITRE.

11.    NADEAUSHADON was not authorized to telework, or work from any location other than Building D of the MITRE facilities on Burlington Road in Bedford, Massachusetts.

12.    Every two weeks, NADEAUSHADON utilized the standard Air Force employee time tracking system, the Automatic Time and Attendance Production System ("ATAAPS"),

which requires an employee to enter the hours worked each day during that pay period into the system. NADEAUSHADON affirmed that the hours entered into ATAAPS every two weeks accurately reflected the hours that he worked during that pay period by electronically signing the statement: "I, NADEAUSHADON, DONSON, agree with labor charges and credits to leave and compensatory time shown."

## PROBABLE CAUSE

13. On or about December 20, 2018, NADEAUSHADON's Direct Supervisor at AFLCMC contacted AFOSI after she noticed discrepancies in the hours claimed by NADEAUSHADON on his certified electronic timecard, as entered into ATAAPS, and the hours that he actually worked.

14. NADEAUSHADON's Direct Supervisor previously documented his repeated absences with Memoranda for Record ("MFR") and verbal counseling with NADEAUSHADON on September 4, 2018, and again on October 25, 2018. NADEAUSHADON acknowledged receipt of the MFR on September 4, 2018 by signing it; however, NADEASHADON refused to sign the MFR on October 25, 2018.

15. Due to heightened security protocols at the MITRE facility, all employees are required to electronically badge in and out of the facilities.[1] Entering the facilities requires each employee to enter the buildings one at a time by swiping a personalized badge and entering an accompanying secret personal identification number (PIN), while exiting requires only the swiping of the individual's badge. All employees are required to follow this protocol each and

---

[1] MITRE Corp occupies several buildings in a complex at Bedford. At all relevant times, NADEASHADON was assigned to work in Building D.

every time they enter and exit the facilities. All entering and exiting data is automatically captured on and retained in the network's security systems.

16. The AFLCMC Security Manager provided AFOSI with NADEAUSHADON's entry and exit data for February 4, 2018 through December 22, 2018.

17. For the period March 4, 2018 through December 22, 2018, NADEAUSHADON reported and affirmed 1,249.75 paid work hours in ATAAPS. However, the MITRE badge logs reveal that NADEAUSHADON was present in the MITRE facility for only 859.55 hours from March 4, 2018, to December 22, 2018, a discrepancy of more than 390 hours. In fact, after being warned by his Direct Supervisor on September 4, 2018, NADEAUSHADON reported and affirmed 435 paid work hours in ATAAPS. However, the MITRE badge logs for that time period reveal that NADEAUSHADON was present in the MITRE facility for only 307.78 hours, a discrepancy of more than 127 hours.

18. For the period March 4, 2018 through December 22, 2018, payroll records show that NADEAUSHADON received biweekly payments totaling $51,789.64. Those funds reflect payment for 1,249.75 hours worked at the hourly rate of $41.44. These funds were deposited directly into an account maintained by NADEAUSHADON at USAA Federal Savings Bank.

19. Thus, for period March 4, 2018 through December 22, 2018, NADEAUSHADON knowingly obtained approximately $16,169.89 from the United States for work that he did not perform (calculated using gross hourly pay of $41.44 and hours unexcused).

20. Agents spoke with several of NADEAUSHADON's colleagues at the MITRE facility. Those colleagues confirmed that NADEAUSHADON was frequently absent from his workstation during periods that he was expected to be there. NADEAUSHADON's Direct Supervisor confirmed that NADEAUSHADON was not authorized to telework or work from any

location other than the MITRE facility, and that she had reminded him during the September 4, 2018 and October 25, 2018 meetings that he must be present for duty during scheduled work hours.

## CONCLUSION

21. Based on the foregoing, and on my training and experience, there is probable cause to believe that NADEAUSHADON, in his role as employee of the United States Government, stole property from the United States by applying for, attesting to, and receiving payment for work not performed between March 2018 and December 2018.

22. Based on the foregoing, I respectfully submit that there is probable cause to believe that NADEAUSHADON has committed the TARGET OFFENSE.

WHEREFORE, your affiant requests that this Court issue the requested criminal complaint and summons.

Sworn to under the pains and penalties of perjury,

*Zachary Carpenter/DXZ*
Special Agent Zachary Carpenter
United States Air Force Office of Special Investigations

December __18__, 2020        10:49 a.m.

Notice is hereby provided that, pursuant to Federal Rule of criminal Procedure 4.1, the affiant was sworn by telephone on the date and time indicated above.

*David H. Hennessy*
The Hon. David H. Hennessy
United States Magistrate Judge

5